IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERLYNE BRUN**  :  :  **Plaintiff,**  :  :  v.  :  :  **ADELPHI RESEARCH BY DESIGN LLC,** :  *d/b/a*, **ADELPHI RESEARCH**  :  *and*  :  **OMNICOM COMPANIES,**  :  :  **Defendants.**  : | **CIVIL ACTION NO:** |

**COMPLAINT AND JURY DEMAND**

I.   **INTRODUCTION**

Plaintiff, Kerlyne Brun, claims of Defendants, Adelphi Research and Omnicom Companies, an amount in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.   This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2.   This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation by Defendants with respect to her compensation, terms, conditions and privileges of employment, based on her race

(African-American) and opposition to discriminatory employment practices. Plaintiff also asserts racial discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f) and §1981, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6. All conditions precedent to the institution of this suit have been fulfilled. On December 12, 2025, Notice of Right to Sue was issued for the Plaintiff, by the Equal Employment Opportunity Commission. This action has been filed by Plaintiff within ninety (90) days of receipt of said notice. Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Kerlyne Brun, is an adult citizen of the State of North Carolina and resides therein at 235 R. Wilson Street, Clayton, North Carolina.

8. Defendant, Adelphi Research by Design LLC, d/b/a, Adelphi Research, was and is now a corporation duly organized and existing under the laws of the

Commonwealth of Pennsylvania and maintains a place of business located at 2005 S Easton Road Ste 300, Doylestown, Pennsylvania.

9. Defendant, Omnicom Companies, was and is now a corporation duly organized and existing under the laws of the State of New York and maintains a place of business located at 280 Park Avenue New York, New York.

10. At all times relevant hereto, Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendants. At all times material herein, Plaintiff was either individually or jointly employed by Defendants.

11. At all times material herein, Defendants have been a "person" and "employer" as defined under Title VII, §1981, and the PHRA, and are subject to the provisions of each said Act.

### IV. STATEMENT OF CLAIMS

12. On or around January 9, 2023, Defendants hired Plaintiff as a Project Manager. Plaintiff is African American. At the time of her termination, Plaintiff was earning approximately $92,000 plus benefits.

13. From the start of her employment with Defendants, Plaintiff was subjected to a pattern of racially discriminatory treatment by her Caucasian supervisors.

14. Early into her employment, during a Zoom meeting with Defendant's team, Plaintiff did not realize her microphone was on and laughed at a joke her coworker told the group.

15. The next day, Laura Folkes ("Folkes")(Caucasian), Director, brought Plaintiff's perceived inappropriate actions up with her in an accusatory manner. Folkes stated that Human Resource persons heard Plaintiff laugh during the meeting and asked her if she was "throwing a party". This statement invoked a racially stereotyped assumption that African Americans are unprofessional, lazy and prone to partying.

16. In or around the Summer of 2023, Plaintiff reached out to a vender to locate doctors in Germany, as part of her job duties. After several days of failing to locate any doctors, Plaintiff informed the vendor that she "needed to see some movement on the recruits", or words to that effect. The vendor apparently became upset with Plaintiff.

17. Although Plaintiff was the one who reported this encounter to Jelena Fehrenbach ("Fehrenbach")(Caucasian) her supervisor, both Fehrenbach and Folkes called Plaintiff to a meeting during which they accused Plaintiff of being rude to the vendor without first investigating the matter or considering her version of the events. Again, Plaintiff was targeted and assumed to have engaged in inappropriate behavior when she did not.

18. In or around November, 2023, Folkes and Fahrenbach called a meeting during which they once again reprimanded Plaintiff and told her that she had no right to question the actions of certain coworkers, who were Caucasian. This restriction reflected differential and disparate standards of treatment, as Plaintiff could not question the improper work product of her Caucasian coworkers, yet they could do so for her.

19. At the end of November, 2023, Plaintiff called out for two (2) personal days and a coworker e name of Lace Cates ("Cates") covered Plaintiff's projects during

- 4 -

her absence. On December 1, 2023, five (5) business days after Plaintiff returned, Fehrenbach accused Plaintiff of making Cates cry during a meeting between them after Plaintiff returned to work. Fehrenbach accused Plaintiff of this alleged wrongdoing without first verifying the accuracy of the complaint, to the extent that such a complaint was even made against Plaintiff.

20. In fact, a few days later, Cates confided in Plaintiff that it was Fehrenbach and Folkes who made her cry when they pressured her to take over Plaintiff's project after Plaintiff had already returned to work.

21. Shortly thereafter, Plaintiff filed a formal complaint with Human Resources that Fehrenbach and Folkes were subjecting her to racial discrimination, citing the aforesaid occurrences. Plaintiff complained that Fehrenbach and Folkes were stereotyping her as an angry black woman.

21. Human Resources informed Plaintiff that they would investigate her complaint.

22. Thereafter, Human Resources informed Plaintiff that there was no evidence to support her complaints of discrimination. Upon information and belief, Human Resources did not conduct any legitimate investigation of her claim.

23. Following her complaint to Human Resources, Fehrenbach began to retaliate against Plaintiff by unnecessarily and overly scrutinizing her work product.

25. Plaintiff complained again to Gail Lentz ( "Lentz") (Caucasian), Director of Human Resources, in or around December 2023 that Fehrenbach was retaliating against her. Instead of acknowledging and investigating Plaintiff concerns, Lentz told

Plaintiff that she was the one who was being insubordinate and accused her of being a liar.

26. Without explanation, Ms. Lentz also changed Plaintiff's direct report to Folkes. This transfer only exacerbated the treatment Plaintiff was receiving as she previously complained about Folkes' discriminatory actions towards her as well.

27. Although Plaintiff complied with this directive and reported to Folkes, Folkes likewise began to nitpick Plaintiff's work product and micromanaged her.

28. On or around February 2, 2024, Defendants placed Plaintiff on an unsubstantiated and contrived thirty (30) day improvement plan, despite the fact that Plaintiff had previously excelled in her performance. Prior to this plan, Plaintiff received no warning or discipline related to her performance during her entire tenure, which to that point was over a year.

29. On or around February 5, 2024, Defendants abruptly terminated Plaintiff's employment. The racial discrimination Plaintiff perceived was occurring was confirmed in an email she received from Lentz on the date of her dismissal. To this end, Lentz stated to Plaintiff: *"Based upon our prior communications, I know that you have responded to any negative feedback about your performance with the accusation that you are receiving the feedback only because you are African-American. Given that none of us is able to change our race, it is unclear to me how, if ever, you will be in a position to accept feedback about your job performance, positive and negative, in a professional way from any of your white colleagues. It is my sense*

*that you will only do so if you agree with the feedback and thus far you appear to only agree with the positive feedback."*

30. Based on the foregoing, Defendants discriminated against Plaintiff by subjecting her to disparate standards of treatment on the basis of her race, and terminated her due to her race and in retaliation for having complained about race discrimination, as aforesaid, in violation of Title VII, 1981, and the PHRA.

**COUNT I**
**(TITLE VII - Race Discrimination)**
**Plaintiff v. Defendants**

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint fully set forth at length herein.

32. The actions of the Defendants, through their agents, servants and employees, in subjecting the Plaintiff to Race discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment because of her race, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

33. Defendants' acts of discrimination, as aforesaid. were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

34. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

## COUNT II
## (TITLE VII - Retaliation)
## Plaintiff v. Defendants

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint fully set forth at length herein.

36. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff to retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment, as aforesaid, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

37. Defendants' acts of retaliation, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

38. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

## COUNT III
## (§1981 - Race Discrimination)
## Plaintiff v. Defendants

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as if fully set forth at length herein.

40. The actions of Defendants, through their agents, servants and employees,

in subjecting Plaintiff to Race discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment because of her race, as aforesaid, constituted a violation of §1981.

41. Defendants' acts of discrimination, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

42. As a direct result of Defendants' willful and unlawful actions in violation of §1981, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

## COUNT IV
## (§1981 - Retaliation)
## Plaintiff v. Defendants

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as if fully set forth at length herein.

44. The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff to retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment, as aforesaid, constituted a violation of §1981.

45. Defendants' acts of retaliation, as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

46. As a direct result of Defendants' willful and unlawful actions, in violation of §1981, Plaintiff suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned

benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

## COUNT V
### (PHRA Race Discrimination/Retaliation)
### Plaintiff v. Defendants

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth at length herein.

48. The actions of Defendants, through their agents, servants and employees, in subjecting Plaintiff to race discrimination in the terms, conditions and privileges of her employment, and to retaliation by terminating Plaintiff's employment because of her race and for opposing discrimination, as aforesaid, constituted a violation of the PHRA.

49. Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

50. As a direct result of Defendants' willful and unlawful actions, in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

51. Plaintiff repeats the allegations of paragraph 1 through 50 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in their favor and against Defendants and order that:

(a) Defendants compensate Plaintiff for their wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages under Title VII and §1981, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By: _____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Kevin@LovitzLaw.com
*Attorney for Plaintiff, Kerlyne Brun*